AO 91 (Rev. 11/11) Criminal Complaint AUSA Alec Smith (312) 353-5009

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARTELL D. OLLIE, also known as "Haitian" | CASE NUMBER: 26CR454 |

FILED
8/20/2026
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT
TD

**CRIMINAL COMPLAINT**

I, the complainant in this case, state that the following is true to the best of my knowledge and belief. On or about April 6, 2026, at Joliet, Illinois, in the Northern District of Illinois, Eastern Division, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 18, United States Code, Section 922(g)(1) | knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, did knowingly possess, in and affecting interstate commerce, a firearm, namely, a Smith & Wesson .357 caliber revolver, model 686, bearing serial number BEH4955, which firearm had traveled in interstate commerce prior to defendant's possession of the firearm. |

Count Two

On or about August 19, 2026, at Joliet, in the Northern District of Illinois, Eastern Division, the defendant violated:

| *Code Section* | *Offense Description* |
|---|---|
| Title 21, United States Code, Section 841(a)(1) | did knowingly and intentionally distribute a controlled substance, namely, 40 grams or more of a mixture and substance containing a detectable amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperindinyl] propanamide), a Schedule II Controlled Substance. |

This criminal complaint is based upon these facts:

_X_ Continued on the attached sheet.

ANDREW KARCESKI
Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF)

Pursuant to Fed. R. Crim. P. 4.1, this Complaint is presented by reliable electronic means. The above-named agent provided a sworn statement attesting to the truth of the Complaint and Affidavit by telephone.

Date: August 20, 2026

*Judge's signature*

City and state: Chicago, Illinois

JEANNICE W. APPENTENG, U.S. Magistrate Judge

*Printed name and title*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**AFFIDAVIT**

I, Andrew Karceski, being duly sworn, state as follows:

1. I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF). I have been so employed for approximately eighteen (18) years. I have been employed in law enforcement for approximately thirty-one (31) years.

2. As part of my duties as an ATF Special Agent, I investigate criminal violations relating to federal firearms laws, including but not limited to Title 18, United States Code, Section 922, as well as various federal laws prohibiting violent crime. As part of my duties as a law enforcement agent and officer for more than three decades, I have been involved in hundreds of investigations of criminal violations, such as murder, armed robbery, and the illegal sale, transportation, and possession of narcotics and/or firearms. I have received training in the area of firearms investigations, and I have participated in multiple investigations involving violations of federal firearms laws. I have recovered and examined different types of firearms and ammunition and have become familiar with the appearance and characteristics of the make and model of multiple types of firearms.

3. This affidavit is submitted for the purpose of establishing probable cause to support a criminal complaint charging MARTELL D. OLLIE, also known as "Haitian" ("OLLIE"), with being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and distribution of a controlled substance, namely, 40 grams or

more of a mixture and substance containing a detectible amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperindinyl] propanamide), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1)poss. Because this affidavit is being submitted for the limited purpose of establishing probable cause, I have not included each and every fact known to me concerning this investigation. Instead, I have set forth only the facts that I believe are necessary to establish probable cause to believe that OLLIE committed the offense alleged in the complaint.

4. This affidavit is based on my personal knowledge and involvement in this investigation, information provided to me by other law enforcement agents involved in this investigation, surveillance video footage, undercover audio/video footage, photographs, my review of law enforcement and public records databases, my training and experience, and the training and experience of other law enforcement agents with whom I have consulted.

**PROBABLE CAUSE**

5. There is probable cause to believe that, on April 6, 2026, in the La Mex Restaurant parking lot, located at 3157 W. Jefferson, Joliet, Illinois, OLLIE possessed a firearm and ammunition, specifically, a Smith & Wesson .357 caliber revolver, model 686, bearing serial number BEH4955, and 6 rounds of .357 caliber ammunition.

6. According to Illinois criminal history records and court docket information, OLLIE has been previously convicted of a crime punishable by a term of

imprisonment exceeding one year. Specifically, *inter alia*, on or about November 9, 2020, under case number 18CF993, in the Will County Circuit Court, Will County, Illinois, OLLIE was convicted of second degree murder in violation of 720 ILCS 5/9-2, and was sentenced to 13 years' imprisonment for such offense. Moreover, OLLIE's criminal history records indicate that he served more than 900 days in confinement.

7. According to law enforcement reports I have reviewed, undercover audio/video footage, and my conversations with other law enforcement personnel involved in this investigation, between April 2, 2026 and April 6, 2026, a Bolingbrook Police Officer acting in an undercover capacity ("UCA-1") arranged for the purchase of narcotics and a .357 caliber revolver from OLLIE.

## II. APRIL 6, 2026: OLLIE Sells UCA-1 Firearm

8. According to UCA-1, on or about April 2, 2026, OLLIE called UCA-1 from cellular telephone number 779-707-5159 ("**Subject Phone 1**"). OLLIE informed UCA-1 that he had a "357 for 700," referring to a .357 caliber firearm for $700.00. UCA-1 arranged to purchase the firearm on April 6, 2026.

9. On or about April 6, 2026, at approximately 2:45 p.m., OLLIE contacted UCA-1 using **Subject Phone 1** and asked to meet UCA-1 at the Home Cut Donuts in Joliet, Illinois. UCA-1 and OLLIE eventually agreed to meet in the La Mex Restaurant parking lot, located at 3157 W. Jefferson, Joliet, Illinois. OLLIE informed UCA-1 that he was nervous because it was the first time OLLIE was selling UCA-1 a "pipe," referring to a firearm. OLLIE also stated the price was now $750.00. This

call between UCA-1 and OLLIE was overheard by an ATF undercover agent ("UCA-2").

10. Prior to going to La Mex, UCA-1 was provided with $750.00 in U.S. Currency as buy money approved by law enforcement. At approximately 3:01 p.m., UCA-1 and UCA-2 arrived at La Mex in an undercover vehicle. UCA-1 contacted OLLIE and informed him the UCA(s) were at the location. OLLIE replied that he was about to "pull up right now." A short time later, a Maroon Kia passenger car with tinted windows, bearing Illinois license plate EY45689, which was registered to Infinity Frazier, one of OLLIE's known girlfriends, parked in the La Mex lot. OLLIE contacted UCA-1 and stated he was in the red car. OLLIE was the driver and sole passenger in the vehicle.

11. UCA-1 exited the undercover vehicle and entered the front passenger seat of the Kia. UCA-1 observed a chrome Smith & Wesson revolver, model 686, serial number BEH4955, stuck between the passenger seat and the center console (see image below).



UCA-1 then handed OLLIE $750.00, the buy money previously provided to UCA-1 for the transaction, which OLLIE counted. UCA-1 examined the firearm and discovered it was loaded with six (6) rounds of .357 caliber ammunition. UCA-1 asked if the firearm was ready to go and OLLIE replied, “That bitch ready to go and I gotcha bullets too.” UCA-1 then exited the Kia, reentered the undercover vehicle, and left the area.

12. When processing the firearm to be placed into evidence it was discovered that the serial number, normally in plain view on the firearm, had been obliterated. However, the serial number was located in an alternative serial number location after removing the grips of the firearm.

13. On or about the evening of April 6, 2026, UCA-1 received an incoming call from OLLIE; however, UCA-1 was unable to answer. On April 7, 2026, at approximately 12:05 p.m., UCA-1 called OLLIE. OLLIE stated he has “something else,” referring to another firearm. OLLIE stated he thought it was “like a Ruger” and described it as a “nine nine,” referring to a 9mm firearm. UCA-1 stated he was looking to purchase a Glock with a “switch,” referring to a machine gun conversion device (“MCD”). OLLIE stated he does not sell them because he uses that “type of shit for protection.” OLLIE stated he did not know if he wanted to “get rid of that,” insinuating he possessed a Glock with a MCD.

14. Based on a review of the Smith & Wesson firearm purchased from OLLIE by UCA-1 on April 6, 2026, an ATF special agent who is trained in conducting interstate nexus examinations of firearms, preliminarily determined that the firearm

was manufactured outside the State of Illinois, and therefore traveled in interstate commerce prior to OLLIE's possession of the firearm on April 6, 2026.[1]

## II. AUGUST 19, 2026: OLLIE Sells UCA-2 Fentanyl

15. On August 19, 2026, UCA-2 had a consensually recorded phone call with OLLIE. During the phone call OLLIE agreed to sell UCA-2 one thousand "Blues," for $4,000, which UCA-2 understood to mean one thousand fentanyl pills for $4,000. OLLIE agreed to meet UCA-2 later that day at a specified location in Joliet, Illinois, to complete the sale.

16. At approximately 3:46 p.m., law enforcement observed OLLIE arrive at the agreed location and met with UCA-2. OLLIE handed UCA-2 a clear plastic bag containing approximately 1,000 blue pills. OLLIE was then placed under arrest.

17. Law enforcement subsequently weighed and field tested the 1,000 pills that OLLIE sold UCA-2 which resulted in a total weight of 106.7 grams. An amount of the 1,000 blue pills field-tested positive for the presence of a substance containing fentanyl.

## CONCLUSION

18. Based on the foregoing, there is probable cause to believe that: 1) on or about April 6, 2026, defendant MARTELL D. OLLIE, also known as "Haitian," knowing that he had previously been convicted of a crime punishable by a term of imprisonment exceeding one year, knowingly possessed a firearm, namely, a Smith

[1] The ATF agents' initial review of the firearm led them to believe the serial number on the firearm was BFH4955, but upon further research, the ATF agent determined the accurate serial number is BEH4955.

& Wesson .357 caliber revolver, model 686, bearing serial number BEH4955, which firearm had traveled in interstate commerce prior to OLLIE's possession of the firearm, in violation of Title 18, United States Code, Section 922(g)(1); and 2) on or about August 19, 2026, defendant MARTELL D. OLLIE, also known as "Haitian," did knowingly and intentionally distribute a controlled substance, namely, 40 grams or more of a mixture and substance containing a detectible amount of fentanyl (N-phenyl-N-[1-(2-phenylethyl)-4-piperindinyl] propanamide), a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

FURTHER AFFIANT SAYETH NOT.

ANDREW KARCESKI
Special Agent, Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF)

SWORN TO AND AFFIRMED by telephone August 20, 2026.

Honorable JEANNICE W. APPENTENG
United States Magistrate Judge